IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Cherisse Corner<br>       Debtor | CHAPTER 13 |
| The Bank of New York Mellon f/k/a The Bank of New York, as successor in interest to JPMorgan Chase Bank, f/k/a JPMorgan Chase Bank, as Trustee, for GSMPS Mortgage Loan Trust 2003-2, Mortgage Pass-Through Certificates, Series 2003-2<br>       Movant<br>vs. | NO. 19-15831 AMC<br><br>11 U.S.C. Sections 362 and 1301 |
| Cherisse Corner<br>       Debtor | |
| Darrell Corner<br>       Co-Debtor | |
| Scott F. Waterman, Esquire<br>       Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtor's mortgage is **$2,828.40** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | March 2022 to April 2022 at $895.20/month |
| Fees & Costs Relating to Motion: | $1,038.00 |
| **Total Post-Petition Arrears** | **$2,828.40** |

2. The Debtor shall cure said arrearages in the following manner:

  a). Beginning on May 1, 2022 and continuing through October 2022, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$895.20** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month, plus an installment payment of **$314.26** for the months of May 2022 through September 2022 and an installment payment of **$314.32** for the month of October 2022 towards the arrearages on or before the last day of each month at the address below:

Specialized Loan Servicing, LLC
PO Box 636007
Littleton, CO 80163

b). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant may file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   April 22, 2022                                By: /s/ Rebecca A. Solarz, Esquire
                                                      Attorney for Movant

Date: April 29, 2022                                  _____
                                                      Christina Masumi Dizal, Esquire
                                                      Attorney for Debtors

Date:_____                              _____
                                                      Scott F. Waterman, Esquire
                                                      Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2022. However, the court retains discretion regarding entry of any further order.

**Date: May 5, 2022**                                 _____
                                                      Bankruptcy Judge
                                                      Ashely M. Chan